IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2020

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

DAN LARRY PENNINGTON, )
NORMA J. BRYANT, AARON )
PARISH BLACK, AS TRUSTEE )
OF THE RALPH J. AND REBA J. FAMILY )
TRUST, AND AARON PARISH BLACK, )
AS TRUSTEE OF THE REBA J. PARISH )
TRUST, individually and on behalf of a class )
of similarly situated individuals, )
)
    PLAINTIFFS, )
)
vs. )
)
)
BHP BILLITON PETROLEUM )
(FAYETTEVILLE) LLC, )
BHP BILLITON LIMITED, BHP BILLITON )
PLC, MMGJ ARKANSAS UPSTREAM, LLC, )
AND MERIT ENERGY INC., )
)
    DEFENDANTS. )

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

Case No. 4:20-cv-178-LPR

## CLASS ACTION COMPLAINT

Plaintiffs Dan Larry Pennington ("Pennington"), Norma J. Bryant ("Norma Bryant"), Aaron Parish Black, as Trustee of the Ralph J. and Reba J. Family Trust ("Family Trust"), and Aaron Parish Black, as Trustee of the Reba J. Parish Trust ("Parish Trust"), (collectively, "Plaintiffs"), for their class action complaint against Defendants BHP Billiton Petroleum (Fayetteville) LLC, BHP Billiton Limited, BHP Billiton PLC (collectively "BHP"), Merit Energy Inc., ("Merit") and MMGJ Arkansas Upstream, LLC, a wholly owned subsidiary of Merit Energy ("MMGJ"), (collectively, "Defendants"), allege:

## CLASS DEFINITION

1.     Plaintiffs bring this action individually and on behalf of a proposed Class of similarly situated persons, consisting of:

All persons and entities to whom SEECO, Inc., or its predecessors or successors in interest, including Flywheel, Inc., or any affiliates of these entities (collectively, "SEECO"), paid royalties on behalf of any of the Defendants at any time since January 1, 2015, under oil and gas lease agreements or overriding royalty agreements covering lands located in the State of Arkansas, under which the Defendants own, or have owned, the working interests, and are therefore legally responsible for the payment of royalties under such agreements, and which agreements require royalties to be paid: (a) upon a specified percentage "of the gross proceeds, . . . but in no event more than [the specified percentage] of the actual amount received by the Lessee" ("actual amount received royalty provision."); (b) on a specified percentage "of the gross proceeds" without "deduct[ion] [of] any costs or expenses from such gross proceeds" ("gross proceeds royalty provision"); or (c) an amount which specifically prohibits the deduction of post-production costs in the calculation of the lessor's royalty or the overriding royalty payee's royalties ("marketing enhancement royalty provision") (collectively, "Class Royalty Agreements"). Examples of Class Royalty Agreements containing an actual amount received royalty provision, a gross proceeds royalty provision, and a marketing enhancement royalty provision are attached hereto as Exhibits 1, 2, 3, 4, and 5.

The defined Class excludes: (a) the United States; and (b) BHP, Merit, and MMGJ, and their respective affiliates, employees, officers and directors; and (c) working interest owners.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Pennington is a resident and citizen of the State of Arkansas, and has been paid royalties by SEECO on behalf of one or more of the Defendants under a lease agreement which contains an actual amount received royalty provision.

3. Plaintiff Norma Bryant is a resident and citizen of the State of Arkansas, and has been paid royalties by SEECO on behalf of one or more of the Defendants under a lease agreement which contains a gross proceeds royalty provision.

4. Plaintiff Aaron Parish Black, as Trustee of the Family Trust and the Parish Trust, is a resident and citizen of the State of Arkansas. These trusts each own an identical lessor's interest

under a lease agreement which contains a marketing enhancement royalty provision, and have been paid royalties by SEECO on behalf of one or more of the Defendants.

5. Defendant BHP Billiton Petroleum (Fayetteville) LLC is a Delaware limited liability company, which has its principal place of business at 13727 Noel Road, Ste. 1200, Dallas, Texas 75240. BHP Billiton Petroleum (Fayetteville) LLC is registered to do business in the State of Arkansas and can be served through its registered agent, Corporation Service Company, 300 S. Spring St. 300, Spring Bldg, Ste., 900 Little Rock, AR 72201

6. Upon information and belief, Defendant BHP Billiton Petroleum (Fayetteville) LLC operates under a dual listed company structure with two parent companies: BHP Billiton Limited, which is registered and maintains its principal place of business in Victoria, Australia, and BHP Billiton PLC, which is registered and maintains its principal place of business in London, United Kingdom. Both BHP Billiton Limited and BHP Billiton PLC have a United States registered agent, who is located at 1360 Post Oak Boulevard, Suite 150, Houston, Texas 77056, and can be served at that address.

7. Upon information and belief, BHP Billiton Limited and BHP Billiton PLC are the alter ego parent companies of BHP Billiton Petroleum (Fayetteville) LLC, and control all of BHP Billiton Petroleum (Fayetteville) LLC's activities.

8. Defendant Merit is a Delaware Corporation, which has its principal place of business at 13727 Noel Road, Ste. 1200, Dallas, Texas 75240. Although not registered to do business on Arkansas, Merit's subsidiaries, through whom Merit acts, are. Merit can be served with process through its registered agent, The Corporation Trust Company at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

9. Defendant MMGJ is a Delaware limited liability company, which has its principal place of business at 13727 Noel Road, Ste. 1200, Dallas, Texas 75240. MMGJ is authorized to do and does business in the State of Arkansas and can be served with process by serving the Corporation Service Company at 300 Spring Building Ste. 900, Little Rock, AR 72201.

10. Based upon the foregoing, and pursuant to 28 U.S.C. § 1332(d)(10), Defendants are deemed to be citizens of Texas and Delaware in any action in which the subject matter jurisdiction for the Plaintiffs' class action complaint is based on the Class Action Fairness Act.

11. This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action under Fed. R. Civ. P. 23(b)(3); (b) the proposed Class has at least one Class member who is a citizen of a state different from the States of Texas and Delaware, where the Defendants are citizens; and (d) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over BHP Billiton Petroleum (Fayetteville) LLC, BHP Billiton Limited, and BHP Billiton PLC because those Defendants have conducted substantial business activities in the State of Arkansas, and because a substantial part of the acts and conduct of those Defendants giving rise to the claims asserted in this class action complaint occurred in the State of Arkansas.

13. This Court has personal jurisdiction over Defendant MMGJ because MMGJ and Merit have conducted substantial business activities in the State of Arkansas, and because a substantial part of the acts and conduct of MMGJ giving rise to the claims asserted in this class action complaint occurred in the State of Arkansas.

14. This Court has personal jurisdiction over Defendant Merit, which is the parent corporation MMGJ. On information and belief, by design, Merit conducts business through its wholly owned subsidiaries/affiliates, such as MMGJ, which are controlled by and provide revenue to Merit. Because Merit uses its subsidiaries/affiliates to transact business in this State, to hold property in this State, to operate wells, and to pay royalties to owners residing in this State, jurisdiction is proper under Arkansas long-arm statute, A.C.A §16-4-401 and the Due Process Clause of the United States Constitution. U.S. CONST. AMEND. 14.

15. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because a substantial part of the Defendants' conduct giving rise to the claims asserted in this Complaint occurred in this judicial district.

## **GENERAL FACTUAL ALLEGATIONS**

16. At various times since January 1, 2015, SEECO has produced natural gas from wells located in the State of Arkansas which are subject to the Class Royalty Agreements, in which one or more of the Defendants own or have owned a working interest, and has paid royalties on behalf of the Defendants to Plaintiffs and members of the defined Class.

17. Because the Defendants have owned working interests under the Class Royalty Agreements, the Defendants are legally responsible for any royalty underpayments made by SEECO to the lessors or overriding royalty owners under each of the Class Royalty Agreements.

18. On June 9, 2008, Plaintiff Dan Larry Pennington a/k/a Larry Pennington, and Frieda M. Pennington, husband and wife, as lessors, entered into two oil and gas leases with Chesapeake Exploration, L.L.C, as the lessee ("Pennington Leases"). On the same date, the parties executed addendums to the Pennington Leases which govern the payment of royalties. A copy of each of the two Pennington Leases is attached hereto as Exhibits 1 and 2, inclusive of the addendums.

19. In the addendums to both of the Pennington Leases, there is an identical "actual amount received" royalty provision which provides, in pertinent part, that the lessee shall:

> pay Lessor for gas of whatsoever nature or kind (with all of its constituents), including but not limited to casinghead gas, coal seam gas, coal bed methane, and all other gaseous or vaporous substances, produced and sold and used off the lease premises or used in the manufacture of therefrom, 1/5 <u>of the gross proceeds</u> for the gas sold, used off the premises, or in the manufacture of products therefrom, <u>but in no event more than 1/5 of the actual amount received</u> by the Lessee, said payments to be made monthly.

(Ex. 1, Ex. 2) (emphasis added).

20. In addition to Plaintiff Pennington, numerous other members of the defined Class have Class Royalty Agreements which contain an actual amount received royalty provision.

21. On March 30, 2010, Richard J. Bryant and Plaintiff Norma J. Bryant, husband and wife, as lessors, entered into an oil and gas lease with Chesapeake Exploration, L.L.C., as lessee ("Bryant Lease"). Prior to January 1, 2015, Plaintiff Norma Bryant became the owner of all of the lessor's interests under the Bryant Lease. A copy of the Bryant Lease is attached hereto as Exhibit 3.

22. The Bryant Lease contains a "gross proceeds" royalty provision which provides, in pertinent part, that the lessee shall:

> pay Lessor for gas and oil of whatsoever nature or kind (with all of its constituents), including but not limited to casinghead gas, coal seam gas, coal bed methane, oil, and all other gaseous or vaporous substances, and all pooling and commingling production, products sold or used off the lease premises or used in the manufacture of products therefrom, twenty percent (20%) <u>of the gross proceeds</u>, with no production or transportation fees deducted, for the gas and oil sold, used off th [sic] premises in the manufacture of products therefrom, said payments to be made monthly….
>
> <u>Lessee shall not deduct any costs or expenses from such gross proceeds</u> except Lessor's pro rata share of any severance taxes that may become payable out of Lessor's share of gross production . . .

6

(Exhibit 3) (emphasis added).

23.     In addition to Plaintiff Norma Bryant, numerous other members of the defined Class have Class Royalty Agreements that contain a gross proceeds royalty provision.

24.     On August 13, 2007, Ralph Parish and Reba Parish, as lessors entered into an oil and gas lease with Chesapeake Exploration L.L.C., as lessee ("Parish Lease"). On the same date, the parties executed an addendum to the Parish Lease which governs the payment of royalties. Ralph and Reba Parish subsequently transferred equal portions of their lessors' interests in the Parish Lease into the Family Trust and the Parish Trust. A copy of the Parish Lease, inclusive of the addendum, attached hereto as Exhibit 4.

25.     The Parish Lease contains a marketing enhancement royalty provision, which provides that the lessor's royalty:

> [S]hall never bear or be charged with, directly or indirectly, any part of the costs or expenses of production, gathering, dehydration, compression, transportation, manufacturing, processing, treating, or marketing of oil and/or gas produced from the leased premises. There shall be no deductions from Lessor's royalty for costs and expenses associated with the construction, operation, or depreciation of any pipeline, gathering system, plant or other facility or equipment for processing and/or treating oil and/or gas or their constituents produced from the leases premises. However, any such costs which result in enhancing the value of the marketable oil, gas or other products to receive a better price may be deducted from Lessor's share of production so long as they are based on Lessee's actual cost of such enhancements. However, in no event shall Lessor receive a price that is less than, or more than, the price received by the Lessee.

(Ex. 4) (emphasis added).

26.     Attached as Exhibit 5 is an example of another lease which also contains a marketing enhancement royalty provision, which states:

7

> It is agreed between the Lessor and the Lessee that, notwithstanding any language herein to the contrary, all oil, gas, or other proceeds accruing to the Lessor under this lease or by state law <u>shall be without deduction for the cost of producing, whether directly or indirectly, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas, and other products produced hereunder to transform the product into a marketable form</u>; however, any such cost which result in enhancing the value of the marketable oil, gas, or other products to receive a better price may be deducted from Lessor's share of production so long as they are based on the lessee's actual cost of such enhancements. However, in no event shall Lessor receive a price that is less than, or more than, the price received by the Lessee.

(Ex. 5) (emphasis added).

27. In addition to the Family Trust and the Parish Trust, numerous other members of the defined Class have Class Royalty Agreements which contain a marketing enhancement royalty provision.

28. On or about January 1, 2011, Chesapeake Exploration, L.L.C. assigned its working interests in the Class Royalty Agreements, including the Pennington Leases, the Bryant Lease and the Parish Lease, to BHP. BHP owned the working interests (including the lessee's interest) under the Class Royalty Agreements between January 1, 2011 and July 1, 2018, at which time BHP assigned its working interests (including all of its lessee's interest) in the Class Royalty Agreements to Merit and/or MMGJ.

29. MMGJ and/or Merit have owned the working interests in the Class Royalty Agreements since July 1, 2018.

30. Since January 1, 2015, SEECO has had a written agreement with DeSoto Gathering Company, LLC ("DeSoto"), in which DeSoto charged SEECO certain gathering, treating, and compression fees in exchange for providing gathering, storing, separating, treating, dehydrating,

compressing, transporting, and marketing services ("midstream services") for the natural gas produced from the Plaintiffs' and Class' members wells.

31. Under the actual amount received royalty provision, the gross proceeds royalty provision, and the marketing enhancement royalty provision, the Defendants are obligated to pay royalties to the Plaintiffs and the Class based upon the proceeds received on the sale of natural gas, without deduction of post-production costs.

32. Since January 1, 2015, Defendants have consistently breached their royalty payment obligations to Plaintiffs and the Class members under the Class Royalty Agreements, in that SEECO did not pay royalties, on behalf of the Defendants, based upon the sales proceeds received on the sale of natural gas, without deduction of post-production costs. Instead, SEECO has consistently deducted various post-production costs in the calculation of royalties paid to the members of the defined Class.

33. Because SEECO, on behalf of the Defendants, has calculated and paid royalties to Plaintiffs and the Class members under the Class Royalty Agreements in the manner referenced above, Defendants have breached their royalty payment obligations to Plaintiffs and the Class under the Class Royalty Agreements.

34. As a direct result of the Defendants' breaches of the Class Royalty Agreements, as described above, the Plaintiffs and the members of the Class have sustained substantial damages.

## CLASS ALLEGATIONS

35. The claims of the Plaintiffs and Class members against Defendants satisfy each of the six requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class, as set forth below.

36. The proposed Class is so numerous that joinder of all Class members is impracticable.

37. There are questions of law or fact common to the Class, including:

   A. Whether the Defendants have a common royalty payment obligation to the named Plaintiffs and the Class under the Class Royalty Agreements to pay them royalties based upon the sale proceeds received on the sale of natural gas products, without deduction of post-production costs;

   B. Whether the Defendants breached their royalty payment obligations to the Plaintiffs and the Class under the Class Royalty Agreements by deducting post-production costs in the calculation and payment of royalties to the named Plaintiffs and the Class members; and

   C. Whether the Defendants have willfully withheld royalty payments to the Plaintiffs and the Class without just cause, thus entitling the Plaintiffs and the Class to prejudgment interest and attorneys' fees as provided for in A.C.A. § 15-74-602.

38. Plaintiffs' claims are typical of the claims of the other members of the proposed Class.

39. Plaintiffs will fairly and adequately protect the interests of the Class.

40. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

41. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

### COUNT I – BREACH OF CONTRACT
### (Against BHP, MMGJ and Merit)

42. The allegations contained in Paragraphs 1 through 41 inclusive, are restated and incorporated by reference herein.

43. Defendants BHP, MMGJ, and Merit as the owners of the working interests under the Class Royalty Agreements, have had the obligation to pay royalties to Plaintiffs and the Class members in accordance with the terms of the royalty provisions in those Agreements.

44. Defendants BHP, MMGJ, and Merit have breached their respective royalty payment obligations to Plaintiffs and the Class under the Class Royalty Agreements, by failing to pay royalties based upon the proceeds received on the sale of natural gas products which came from the wells subject to the Class Royalty Agreements, without deduction of post-production costs.

45. Because the royalties paid to Plaintiffs and the Class were paid based upon amounts which are net of various post-production costs which were deducted in the calculation and payment of royalties, the Defendants have breached their contractual obligations to the Plaintiffs and the Class members under the Class Royalty Agreements.

## COUNT II - VIOLATION OF A.C.A. §§ 15-74-601 THROUGH 604
(Against BHP, MMGJ, and Merit)

46. Plaintiffs incorporate by reference paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to A.C.A. § 15-74-602, the Defendants willfully withheld royalty payments from the Plaintiffs and the Class members without just cause or through bad faith, because Defendants deducted various post-production costs from the sales proceeds paid by the first-purchasers of the natural gas products in the calculation of the Class members royalties', which deductions are specifically prohibited from being deducted under the Class Royalty Agreements. Plaintiffs and the Class members are entitled to the unpaid amount of royalties, and as provided in A.C.A. § 15-74-601, a penalty in the amount of fourteen percent per annum on the amount of the unpaid proceeds, from the due date as provided in A.C.A. § 15-74-601 until such unpaid royalties are properly paid to the Class members.

48. Plaintiffs and the Class are also entitled to recover their reasonable attorney's fees pursuant to A.C.A. § 15-74-602.

49. In the alternative, because the royalty payments to Plaintiffs and the Class members were substantially underpaid, Plaintiff and the Class members are entitled to prejudgment interest on each royalty underpayment at a rate of twelve percent simple interest per year, from the date of each royalty underpayment through the date of final judgment, pursuant to A.C.A. § 15-74-601.

## COUNT III – DECLARATORY JUDGMENT
### (Against MMGJ and Merit)

50. The allegations contained in Paragraphs 1 through 40 inclusive, are restated and incorporated by reference herein.

51. As of the date of the filing of this Complaint, Defendant MMGJ owns the working interests in the Class Royalty Agreements.

52. As of the date of the filing of this Complaint, a controversy exists between the Plaintiffs, the Class, and MMGJ regarding the correct method for SEECO's calculation and payment of future royalties, on behalf of MMGJ, to Plaintiffs and the Class under the Class Royalty Agreements ("future royalties").

53. Plaintiffs request that the Court enter a declaratory judgment declaring that MMGJ is required to pay future royalties to Plaintiffs and the Class under the Class Royalty Agreements, based upon proceeds received on the sale of the natural gas products which are produced from the Class members wells, without deduction of post-production costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. An Order that the claims asserted herein by Plaintiffs, on behalf of the defined Class, be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiffs Aaron Parish Black, as Trustee of the Ralph J. and Reba J. Family Trust, and as Trustee of the Reba J. Parish

Trust, Norma Bryant, and Pennington be appointed as Class Representatives, and that attorneys George Barton and Stacy Burrows be appointed as Class Counsel. In the alternative, the Court may certify three subclasses of persons who are or have been paid royalties by SEECO on behalf of one or more of the Defendants under: (1) an actual amount received royalty provision; (2) a gross proceeds royalty provision; or (3) a marketing enhancement royalty provision. Plaintiff Pennington should be appointed as the Subclass Representative for the actual amount received royalty provision Subclass. Plaintiff Norma Bryant should be appointed as the Subclass Representative for the gross proceeds royalty provision Subclass. Plaintiff Aaron Parish Black, a trustee, should be appointed as the Subclass Representative for marketing enhancement royalty provision Subclass. George Barton and Stacy Burrows should be appointed as class counsel for each of the three Subclasses.

    B. A judgment in favor of Plaintiffs and the Class members on their claim for the Defendants' breach of the Class Royalty Agreements at issue, in an amount which equals the full amount of Defendants' royalty underpayments through the date of final judgment, plus applicable prejudgment interest;

    C. An award of statutory damages, interest, and/or penalties to Plaintiffs and the Class under Arkansas law pursuant to A.C.A. §§ 15-74-601 and 602, including an award of attorneys' fees to Plaintiffs and the Class;

    D. A declaratory judgment in favor of Plaintiffs and the Class determining the correct method for Merit and MMGJ's calculation and payment of future royalties to Plaintiffs and the Class under the Class Royalty Agreements at issue, as prayed for in Paragraphs 50 through 53 of this class action complaint;

    E. An award of court costs; and

F.   Such further relief as the Court deems just.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

DATED: February 19, 2020

George A. Barton, Mo. Bar No. 26249
Stacy A. Burrows, Co. Bar No. 49199
Sharp Barton, LLP
7227 Metcalf, Suite 301
Overland Park, KS 66204
(913) 563-6250
Fax: (913) 563-6259
george@sharpbarton.com
stacy@sharpbarton.com

***ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS***