# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAN LARRY PENNINGTON, et al,**
**PLAINTIFFS**
*Individually and on Behalf of a Class of Others Similarly Situated*

v.                                    Case No. 4:20-CV-00178 LPR

**BHP BILLINGTON PETROLEUM (FAYETTEVILLE) LLC,**
**DEFENDANTS**
**AND MMGJ ARKANSAS UNSTREAM, LLC.**

## ORDER

A hearing was held October 6, 2022 on plaintiffs' motion to compel production under subpoena to nonparty Flywheel (Doc. No. 65). Based on review of the relevant pleadings and arguments of counsel, the Court finds as follows:

1. Flywheel represents that it cannot produce certain subpoenaed documents, including royalty accounting documents and owner payment detail, without knowing the names of the royalty owners who are proposed class members. Defendant MMPJ has produced to plaintiffs in discovery an excel spreadsheet (MMGJ26753) which contains this information, but pursuant to the terms of the protective order entered in this matter, that document has been designated by MMPJ as confidential and cannot be released to a third party such

as Flywheel. See Doc. No. 56. MMGJ, to protect the privacy interests of its owners, is unwilling to remove the confidential designation from the document. Plaintiffs request authority to provide the document to Flywheel subject to Flywheel being required to comply with the terms of the protective order. At the hearing, Flywheel's counsel agreed to maintain the confidential status of the document in issue pursuant to the terms of the protective order. The Court therefore authorizes the plaintiffs to immediately release the spreadsheet to Flywheel in a format that will facilitate Flywheel's ability to identify royalty owners who are proposed class members. Flywheel is ordered to maintain the confidential nature of the document as set forth in the protective order and to otherwise comply with its terms. Flywheel represented at the hearing that it will need 2 – 3 weeks to produce the subpoenaed documents once it receives the spreadsheet, and requests reimbursement of the expense it will incur in the production. Plaintiffs agreed to reimburse Flywheel for the reasonable expense it incurs. The subpoenaed documents referenced in this paragraph shall be produced no later than November 1, 2022.

2. In addition to the subpoenaed documents described above, Flywheel objected to producing subpoenaed documentation to support its monthly calculations of actual gross sales and calculated costs for each royalty owner who is a proposed class member. Flywheel claims it would be overly burdensome to produce such

documents and that the actual gross production and cost values are documented on check stubs that will be produced pursuant to the ruling in paragraph 1.  Plaintiff's counsel proposed a compromise in which Flywheel would produce the subpoenaed documentation for three months of each year between May 2019 and present.  The Court finds that the compromise is reasonable and orders plaintiffs' counsel to randomly select three months per year beginning in May 2019 and identify those months to Flywheel.  Flywheel is ordered to produce the subpoenaed documentation for the randomly selected months.  These documents shall be produced no later than November 1, 2022.  The Court notes that plaintiffs' counsel reserves the right to seek additional documentation should the documents produced fail to support the gross sales and costs calculations documented on the produced check stubs.

IT IS SO ORDERED this 7th day of October, 2022.

                                                                          _____
                                                           UNITED STATES MAGISTRATE JUDGE