**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DAN LARRY PENNINGTON, et al,
PLAINTIFFS**
*Individually and on Behalf of a Class of Others Similarly Situated*


**v.**                                     **Case No. 4:20-CV-00178 LPR**


**BHP BILLINGTON PETROLEUM (FAYETTEVILLE) LLC,
DEFENDANTS
AND MMGJ ARKANSAS UNSTREAM, LLC.**

<u>**ORDER ON MOTION TO QUASH**</u>

Before the Court is the motion of non-party Flywheel Energy Production, LLC

("Flywheel") to quash or modify Plaintiff's Rule 30(b)(6) deposition subpoena or,

alternatively, for a protective order (Doc. No. 110).   Plaintiff has responded,

Flywheel has replied, and the motion is ripe for decision.  *See* Doc. Nos. 112, 116.

Plaintiff served a subpoena on Flywheel on March 27, 2023 to take the Rule

30(b)(6) deposition(s) of Flywheel witness(es) on April 18, 2023.[1]  Before that date

and since, plaintiff and Flywheel have conferred in an attempt to agree on the subject

matters of examination contained in the subpoena but have not been able to reach an

agreement.  Flywheel agrees to provide testimony on subject matters 1 – 5 listed in

---

[1] The deposition has been rescheduled for May 3, 2023.

1

the subpoena.   Doc. No. 110-1 at 7.   It objects, however, to providing testimony regarding the remaining 10 subject areas of examination.  *Id.*   The motion to quash asserts that these subject areas of examination are not relevant and overly broad.

Flywheel is the operator of the natural gas wells in issue in this litigation and has been since 2019.  Flywheel has been and is responsible for producing, marketing, and selling the natural gas produced from these wells.  It is also responsible for disbursing the first 1/8th royalties on all gas produced from those wells.  Plaintiff is a lessor of the subject natural gas wells, and the defendants are lessees of those wells. Plaintiff is seeking class certification on behalf of other similarly situated lessors. Plaintiff claims that Flywheel, as operator of the wells, deducted certain expenses from the first 1/8th royalty payments in violation of plaintiff's and putative class members' lease agreements with the defendants.   Plaintiff claims that Flywheel improperly deducted expenses related to the production, marketing, and selling the natural gas, and seeks recovery of those deducted amounts for all putative class members.  Plaintiff also asserts, and Flywheel does not dispute, that Flywheel "alone is in control of and controls information which is critical to the resolution of the parties' claims and defenses in this case."  Doc. No. 112 at 2.

The first five subject matters of examination seek testimony related to a number of documents produced by Flywheel in response to a subpoena issued by plaintiff in August 2022.  *See* Doc. No. 110-1 at 7.  As stated, Flywheel agrees that

these subject matters are appropriate for plaintiff to explore in the 30(b)(6) deposition. The remaining subject matters of examination seek information related to Flywheel's decision to pay the first 1/8th royalties to putative class members based on a net proceeds basis; the general operation of the wells; the methodology used by Flywheel to calculate and report the royalties paid to putative class members; whether Flywheel changed its methodology since May 1, 2019; the information Flywheel disclosed to putative plaintiffs in its royalty checks, settlement statements, or check remittance statements it prepared; what accounting and computer systems were used to calculate and pay royalties since May 1, 2019, data input into such systems, calculation of taxes and weighted average sales prices, and netback calculations for the putative plaintiff's wells; marketing strategies and contractual arrangements Flywheel uses for production, dehydration, compression, gathering, processing, treating, transportation, marketing, and sale of the gas, and what fees and costs from those arrangements were passed onto the putative plaintiffs; Flywheel's gas production operations in Arkansas from the wells in issue and the quality of the gas produced; identification of documents reflecting actual sales prices paid by third party purchasers and supporting documents, whether Flywheel made the sales or if an affiliated entity did so, and how Flywheel uses its sales prices in royalty calculations to the putative payments; identification, authentication, and maintenance of the documents Flywheel has produced in discovery; and Flywheel's

3

document retention policies related to its royalty payment detail and sales data from July 30, 2018 to present. *See* Doc. No. 110-1 at 7 – 11.

Federal Rule of Civil Procedure 26(b) provides that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." The scope of discovery set forth in this rule is applicable to subpoenaed testimony from a nonparty – a subpoena pursuant to Fed.R.Civ.P. 45 is considered discovery within the Federal Rules of Civil Procedure. *See Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995); *Foreman Electric Services, Inc. v. Haliron Power, LLC*, Case No. 4:19-cv-04157 BAB, 2021 WL 5932961, at *2 (W.D. Ark. 2021). Additionally, a court should broadly and liberally construe discovery rules so that parties can be provided with "information essential to the proper litigation of all relevant facts…." *Arkansas Labeling, Inc. v. Proctor*, Case No. 4:19-cv-00773 KGB, 2022 WL 1608077 (E.D. Ark. 2022)(quoting *Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa

1992)).  "A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."  *Davis v. Union Pacific R.R. Co.*, Case No. 4:07-cv-000521 BSM, 2008 WL 3992761, at *2 (E.D. Ark. 2008).

Rule 45(d)(3) provides that a court must quash or modify a subpoena that requires disclosure of privileged matter or subjects a person to undue burden. However, "[c]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999)(quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

The Court has carefully reviewed the subject matters of examination attached to the subpoena in issue, as well as the motion, response, reply, and related briefs submitted by plaintiff and Flywheel.  Flywheel does not claim that plaintiff seeks information that is privileged; it claims instead that providing testimony regarding subject matters 6 – 15 would subject it to an undue burden.  The Court does not doubt that compliance with the subpoena would be burdensome, and gives special weight to this factor in evaluating whether the subpoena should be quashed or modified.  However, the Court also believes that the requested information is relevant as defined with regard to discovery issues. Additionally, it is undisputed

that Flywheel is the only entity that can provide the requested information – plaintiff cannot obtain such information from any other source.  Plaintiff, who has the burden of proof, represents that the requested information is necessary to prove damages suffered by the thousands of putative plaintiffs and to address defenses asserted by the defendants.  Plaintiff also represents that the estimated underpayment of royalties amounts to more than twenty million dollars.  The Court is convinced that the requested discovery is important and necessary for the plaintiff to be able to determine damages for the putative class members, and that the heavy burden of compliance on Flywheel is outweighed by its likely benefit.

For these reasons, the Court denies Flywheel's motion to quash or modify the Rule 30(b)(6) deposition subpoena.

SO ORDERED this 20th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE