IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAN LARRY PENNINGTON, et al,**                                                                 **PLAINTIFFS**
*Individually and on Behalf of a Class of Others Similarly Situated*

v.                          Case No. 4:20-CV-00178-LPR

**BHP BILLITON PETROLEUM (FAYETTEVILLE) LLC, AND**
**MMGJ ARKANSAS UPSTREAM, LLC**                                                    **DEFENDANTS**

**STATE OF ARKANSAS**                                                                                  **INTERVENOR**
*Ex Rel. Arkansas Attorney General Tim Griffin*

<u>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE THE STATE OF
ARKANSAS'S SUMMARY-JUDGMENT BRIEF**</u>

Per this Court's order filed December 19, 2023 (Doc. 147), the State of Arkansas filed its interpretation of the Arkansas Court of Appeals' decision in *Flywheel Energy Prod., LLC v. Ark. Oil & Gas Comm'n*, 678 S.W.3d 851 (Ark. Ct. App. 2023) on February 9, 2024 (Doc. 150). Defendants BHP Billiton Petroleum (Fayetteville), LLC, and MMGJ Arkansas Upstream, LLC (collectively, "MMGJ") and Plaintiffs filed responses on March 8, 2024 (Doc. 154 and 155, respectively). Plaintiffs raised arguments in their filing that the State of Arkansas did not, to which Defendants hereby reply.

Plaintiffs latest filing argues that the State's and Defendants' interpretation of Ark. Code Ann. § 15-72-305 violates the Contracts Clauses and Due Process Clauses contained in the United States Constitution and the Arkansas Constitution. (Doc. 155 at 4). Defendants already pointed out in a prior filing (Doc. 138) that Plaintiffs' leases were executed in 2006, 2007, 2008, and 2010—decades after the statute was enacted in 1985. *See* Am. Compl. Exs. 1–5 (Docs. 8-1, 8-2, 8-3, 8-4, 8-5). A contract must pre-date the statute at issue to create a constitutional question under

the federal or Arkansas constitutions. *See Equipment Mfrs. Inst. v. Janklow*, 300 F.3d 842, 849–50 (8th Cir. 2002); *Mahurin v. Oaklawn Jockey Club*, 299 Ark. 13, 16, 771 S.W.2d 19, 21 (1989) ("The Supreme Court has held that this section applies only to legislation passed subsequent to the contract alleged to have been impaired.") (citing *Munday v. Wisconsin Trust Co.*, 252 U.S. 499, (1920)). A law already in place at the time a contract is executed does not violate the Contracts Clauses. *See Home Bldg. & Loan Assn v. Blaisdell*, 290 U.S. 398, 429 (1934) ("This Court has said that 'the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms.").

Again, Defendants refuted this argument in its Reply in Support of Motion for Summary Judgment. (Doc. 138).   Plaintiffs cannot claim a violation of the Due Process Clauses when there has been no government taking. *See Knick v. Two. Of Scott,* 139 S. Ct. 216, 2167-68 (2019); *Staub v. Mud Slough Drainage Dist. No. 1,* 216 Ark. 706, 708, 227 S.W.2d 140, 141 (1950). Rather, the Plaintiffs got what they bargained for because their leases provide the lessee shall not be liable for adhering to any state or federal law that conflicts with other terms of the lease. *See* Am. Compl. Exs. 1–5 (Docs. 8-1, 8-2, 8-3, 8-4, 8-5). The same arguments were raised and refuted by the defendant in a parallel lawsuit.[1]

Defendants file this reply because Plaintiffs' response to the State includes new justifications that were not raised before in this case. As a threshold matter, the deadline to oppose Defendants' motion for summary judgment ran in September 2023. (Doc. 134). Arguments not

---

[1] The same issues have already been briefed by other parties in *J.R. Hurd et al. v. Flywheel Energy Production, LLC*, Case No. 4:21-cv-1207-LPR. Flywheel's explanation and authorities for why the constitutional challenges to the Court's interpretation of Ark. Code Ann. § 15-72-305 brought by the plaintiff in *Hurd* fail are equally applicable to this case.

raised during the summary judgment briefing are waived. *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument"). This Court provided notice to the State of Arkansas that plaintiffs had called into question the constitutionality of a state statute per Fed. R. Civ. P. 5.1(a). (Doc. 140). The Court did not reopen briefing on Defendants' motion for summary judgment, it allowed the State of Arkansas to weigh in on the constitutionality of a state statute. The State of Arkansas's brief may have exceeded the scope of the question presented to the State, but that does not allow Plaintiffs to raise new arguments in opposition to summary judgment any more than it would allow Defendants to raise new arguments for why it is entitled to summary judgment. This Court should therefore decline to entertain Plaintiffs' arguments not already made at pages 15-18 of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Doc. 134).

This includes Plaintiffs' new argument that this Court's interpretation of the statute is not something that the Plaintiffs could have reasonably foreseen and therefore a Contract Clause violation could occur even though the statute predated the contract. (Doc. 155 at 8-9). Plaintiffs' argument proves too much because every contractual dispute relying on the application of a statute has at least one party whose expectations will be thwarted by an adverse outcome. If that gave rise to a constitutional violation, then Plaintiffs would have a plethora of case law supporting their argument and they have none. Plaintiffs cannot change the immutable order of events here — the statute was enacted first and the contracts (the leases) came later. The case law is clear that a Contract Clause claim cannot exist unless the statute comes after the contract. *Equipment Mfrs. Inst.*, 300 F.3d at 849–50; *Mahurin*, 299 Ark. at 16, 771 S.W.2d at 21.

The Court therefore has no reason to perform the two-prong analysis for whether the Contract Clause (of either constitution) is violated. Moreover, these are new arguments that were

not raised during the summary judgment briefing as required by Federal Rule of Civil Procedure 56, the Eastern District of Arkansas's Local Rule 56.1, the Court's Final Scheduling Order, parts 8 and 9 (Doc. 48), and the case such as *Satcher*, 558 F.3d at 735.  Plaintiffs' argument that they suffered "substantial impairment" is a factual dispute that is raised too late and, in any event, is not supported by evidence as required by Rule 56 of the Federal Rules of Civil Procedure.

Plaintiffs' Due Process arguments fail for a similar reason – the statute, and the pooling scheme that it created to govern the payment of the first $1/8^{th}$ royalty – predate Plaintiffs' contracts by decades.  Plaintiffs' arguments that they are being deprived of property without due process because they had no notice that the law would be applied as written is therefore without merit.  All they had to do was read the statute as it was written.  To the extent Plaintiffs had any right to be heard on this Court's interpretation of the statute, their arguments have been heard in this lawsuit.  Their new claim that this Court is depriving them of Due Process by fulfilling its duty under Article III of the U.S. Constitution to interpret the law is likewise unsupported by any authority that such a claim exists.

## CONCLUSION

For these reasons, Defendants BHP Billiton Petroleum (Fayetteville), LLC and MMGJ Arkansas Upstream, LLC, respectfully request the Court grant Defendants summary judgment and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

Michael B. Heister (2002091)
R. Ryan Younger (2008209)
**QUATTLEBAUM, GROOMS & TULL PLLC**
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
mheister@qgtlaw.com
ryounger@qgtlaw.com


David W. Jones
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

*Attorneys for BHP Billiton Petroleum (Fayetteville), LLC and MMGJ Arkansas Upstream, LLC*