IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAN LARRY PENNINGTON,** *et al.*,                                                           PLAINTIFFS
*Individually and on Behalf of all*
*Others Similarly Situated*

v.                                       Case No. 4:20-cv-00178-LPR

**BHP BILLITON PETROLEUM**
**(FAYETTEVILLE), LLC and**
**MMGJ ARKANSAS UPSTREAM, LLC**                                                               DEFENDANTS

**STATE OF ARKANSAS ex rel.**
**ARKANSAS ATTORNEY GENERAL**
**TIM GRIFFIN**                                                                                INTERVENOR

## ORDER

Pending before the Court is Defendants' Motion for Summary Judgment.[1] That Motion is GRANTED. Here's why.

1. In a series of Orders entered in *Hurd v. Flywheel Energy Production, LLC*, the Court has already addressed nearly all of the issues presented in the case at bar.[2] The Court need not

---

[1] Defs.' Mot. for Summ. J. (Doc. 130). BHP Billiton Petroleum (Fayetteville), LLC and MMGJ Arkansas Upstream, LLC are the only Defendants remaining in this case. Former Defendant Merit Energy Company, LLC was previously dismissed without prejudice for lack of personal jurisdiction. *See* Order on Mot. to Dismiss (Doc. 20) at 17. Former Defendant BHP Petroleum (Arkansas Holdings) LLC f/k/a BHP Billiton Petroleum (Arkansas Holdings), Inc. was previously dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a). *See* Order Granting Mot. to Dismiss (Doc. 19).

[2] *See Hurd v. Flywheel Energy Production, LLC*, No. 4:21-CV-01207-LPR, 2023 WL 3687166 (E.D. Ark. May 26, 2023) ("*Hurd* Certification Order"); *Hurd v. Flywheel Energy Production, LLC*, No. 4:21-CV-01207-LPR, 2023 WL 5669094 (E.D. Ark. July 25, 2023) ("*Hurd* Summary Judgment Order I"); *Hurd v. Flywheel Energy Production, LLC*, No. 4:21-CV-01207-LPR, 2024 WL 4571445 (E.D. Ark. Oct. 24, 2024) ("*Hurd* Summary Judgment Order II"). The claims of the *Hurd* plaintiffs and the Plaintiffs in the case at bar are essentially identical—that gas companies have been inappropriately deducting post-production expenses from the first 1/8 of the royalty owed under gross proceeds leases. *Compare* Pls.' Statement of Controverted Facts and Statement of Additional Material Facts (Doc. 134-1) at 2–3, *with* Joint Stipulation of Facts at 2, *Hurd v. Flywheel Energy Production, LLC*, No. 4:21-CV-01207-LPR (E.D. Ark. filed Dec. 15, 2021), ECF No. 28. The claims of both the *Hurd* plaintiffs and the Plaintiffs in the case at bar fail for the same two reasons: (1) the statutory blended royalty provided for by Arkansas Code Annotated section 15-72-305 entirely replaces the first 1/8 of royalties owed under the relevant leases; and (2) Defendants' deductions of post-production expenses from the statutory blended royalty are permitted by the statute.

repeat the content of those Orders here. Instead, the Court adopts and incorporates the findings, analyses, and conclusions from those Orders as if they were fully set out herein.

2. Notwithstanding the wholesale adoption and application of the *Hurd* Orders to the instant case, it is worth directly addressing the slightly different spin that Plaintiffs put on their claims in the instant case.[3] In the summary judgment briefing, Plaintiffs make a variety of constitutional arguments.[4] But Plaintiffs have not pled—and do not advance—any direct constitutional challenges. Rather, the constitutional arguments made by Plaintiffs seek to bolster (by way of the constitutional avoidance canon) their position on how this Court should interpret Arkansas Code Annotated section 15-72-305.

All of Plaintiffs' constitutional avoidance arguments fail for the same reason. "[C]onstitutional avoidance 'comes into play only when, after the application of ordinary textual analysis, [a] statute is found to be susceptible of more than one construction.'"[5] Accordingly, for

---

[3] Plaintiffs contend that, for several reasons, the Court's decision in *Hurd* is not dispositive of this case:

> First, the royalty obligation circumstances here are different than in *Hurd*. In *Hurd*, Flywheel was both the operator and the lessee responsible for the payment of all royalties due and owing under each of the oil and gas leases at issue. Here, Flywheel is only the operator, not the actual lessee. MMGJ held the lessee's interest during the entire timeframe for which Plaintiffs seek to recover underpaid royalties. Second, while the plaintiffs in *Hurd* made a claim that MMGJ's proposed interpretation of Ark. Code Ann. § 15-72-305 would render the statute unconstitutional, that issue was not addressed in the Court's July 25, 2023 summary judgment decision. Here, the constitutionality of the statute is included *infra* as an issue for the Court to consider on summary judgment. Finally, Plaintiffs have made additional arguments regarding the only reasonable interpretation of Ark. Code Ann. § 15-72-305 that were not presented in the *Hurd* matter, which confirm that MMGJ's proposed interpretation of Ark. Code Ann. § 15-72-305 is not only inconsistent with the general assembly's intent based upon the plain language in the statute, but also unconstitutional.

Pls.' Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 134) at 3–4. The Court disagrees with Plaintiffs. First, to the extent "the royalty obligation circumstances here are different than in *Hurd*," the analysis in *Hurd* still inevitably leads to and dictates the same result in this case. Second, the Court has now addressed the constitutional claims in *Hurd*. Third, to the (fairly minor) extent the statutory or constitutional arguments Plaintiffs make here diverge from the arguments made in *Hurd*, and to the extent those divergences are not specifically addressed in the main text of this Order, the Court is unpersuaded by Plaintiffs' additional arguments.

[4] Pls.' Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 134) at 15–18; Pls.' Resp. to the State of Ark.'s Summ. J. Br. (Doc. 155) at 5–15.

[5] *Nielsen v. Preap*, 586 U.S. 392, 419 (2019) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018)).

Plaintiffs' constitutional avoidance arguments to have any purchase whatsoever, the Court must first have concluded that section 15-72-305 is ambiguous even after using the full toolkit available for ordinary textual analysis.[6] But here, the Court has conducted an ordinary textual analysis of section 15-72-305 and concluded that the statute's language is unambiguous.[7] In such circumstances, Plaintiffs' constitutional avoidance arguments are irrelevant.[8] As the Supreme Court puts it, the constitutional avoidance canon is "an idle pillar" to rest on when a statute is unambiguous.[9]

3. In any event, none of Plaintiffs' constitutional arguments raises a "serious doubt" about the constitutionality of section 15-72-305 as interpreted by the Court's Orders in *Hurd*.[10] Plaintiffs make only one constitutional argument not already addressed in the Court's previous *Hurd* Orders (and adopted by reference in the instant Order). Plaintiffs argue that, if the statutory blended royalty is read to replace a portion of their lease royalty, and if post-production expenses can be deducted from the statutory blended royalty, the Arkansas General Assembly has effectively deprived Plaintiffs of their right to some royalty moneys without due process of law.[11] There are serious, fatal problems with this argument.

First, as stated in the Orders issued by the Court in *Hurd*, given that section 15-72-305 was passed decades before Plaintiffs entered into any of the relevant leases, it is impossible—as a

---

[6] In the Court's view, the *full toolkit available for ordinary textual analysis* includes all construction tools except substantive canons like constitutional avoidance and purposivist tools like legislative history.

[7] *See Hurd* Certification Order, 2023 WL 3687166, at *5–10; *Hurd* Summary Judgment Order II, 2024 WL 4571445, at *10–15.

[8] *Nielsen*, 586 U.S. at 419.

[9] *Id.*

[10] *Jennings*, 583 U.S. at 296 (quoting *Crowell v. Benson*, 285 U.S. 22, 62 (1932)).

[11] Pls.' Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 134) at 17–18.

3

matter of law—to conclude that Plaintiffs had a property interest in the royalty moneys that Defendants are now deducting.[12] The lack of a property interest dooms the due process argument.

Second, the legislative process itself has already provided any process due to Plaintiffs under the Fourteenth Amendment.[13] Plaintiffs' procedural due process rights were satisfied by the operation of a valid legislative process.

Third, notwithstanding Plaintiffs' protestations to the contrary, there is clearly a valid legislative purpose justifying the statutory scheme at issue. The Arkansas state legislature created the blended-royalty scheme contained in section 15-72-305 to combat an actual problem that persisted in pooled or integrated drilling units. The statute designed by the General Assembly is a reasonable and appropriate way to deal with the problem. Both the problem and the legislative solution are described in detail in a previous Order from this Court in *Hurd*.[14] The General Assembly's solution is a far cry from Plaintiffs' assertion of a "purely arbitrary or capricious exercise of legislative power."[15] As the Court explained in its previous Order, "the General

---

[12] *Hurd* Summary Judgment Order II, 2024 WL 4571445, at *17–19.

[13] *See Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915) ("Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule.").

Plaintiffs appear to advance a separate procedural due process argument in which they allege this Court's adverse interpretation of Arkansas Code Annotated section 15-72-305 could amount to a violation of their procedural due process rights. *See* Pls.' Resp. to the State of Ark.'s Summ. J. Br. (Doc. 155) at 12–15. There are myriad issues with this argument, but the Court will simply point out two major problems. As stated previously, the relevant leases were entered into long after the statute was enacted. Therefore, Plaintiffs never had a property right to the moneys deducted by Defendants, and so this Court's mere interpretation of the statute cannot have deprived Plaintiffs of anything. *See Hurd* Summary Judgment Order II, 2024 WL 4571445, at *17–19. Additionally, Plaintiffs have had the chance to litigate their position before a federal district court, with highly qualified legal representation, extensive briefing, a neutral decisionmaker, and (eventually) the opportunity for appellate review. If this constitutes a due process violation, the Court struggles to imagine a judicial process whereby Plaintiffs' procedural due process rights *would* be satisfied.

[14] *Hurd* Certification Order, 2023 WL 3687166, at *2–4.

[15] Pls.' Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 134) at 17.

4

Assembly used something between a sledgehammer and a scalpel when it wrote the provisions regarding the blended royalty."[16]  Here, where neither a suspect classification nor a fundamental right is involved, due process does not require a scalpel.  The Constitution is not offended so long as the legislature has not used a sledgehammer.

In short, Plaintiffs' constitutional arguments (including the due process arguments) would not be serious enough to invoke the constitutional avoidance canon even if the relevant statutory language was ambiguous.[17]

4. Finally, the Court wishes to specifically address one of Plaintiffs' non-constitutional arguments—because that argument superficially appears distinct from the arguments raised in *Hurd*.  Plaintiffs assert that, by signing leases involving "gross proceeds" royalties, Defendants have contractually relinquished their rights under section 15-72-305 to deduct post-production expenses from the statutory blended royalty payment.[18]  That's not correct, for the reasons set out in the middle paragraph of page 3 of Defendants' Reply Brief.[19]

*    *    *

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 130) is GRANTED.[20]  Judgment will be entered for Defendants BHP Billiton Petroleum (Fayetteville) LLC and MMGJ Arkansas Upstream LLC on all live claims, and this case will be CLOSED.

---

[16] *Hurd* Certification Order, 2023 WL 3687166, at *8.  *See also id.* at *7–8.

[17] This is true with respect to both the federal constitutional protections and the (often mirror-image) state constitutional protections invoked by Plaintiffs.

[18] Pls.' Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 134) at 13–15.

[19] Defs.' Reply in Supp. of Mot. for Summ. J. (Doc. 138) at 3.  *See also Hurd* Certification Order, 2023 WL 3687166, at *5–6.  To the extent Plaintiffs are instead suggesting that the "gross proceeds" language in their leases requires Defendants to compensate Plaintiffs on the back end for post-production deductions from Defendants' statutory blended royalty contributions, the Court has already addressed (and rejected) that argument in a previous Order in *Hurd*.  *Hurd* Certification Order, 2023 WL 3687166, at *7–8.

[20] There is an outstanding class certification motion in this case.  *See* Mot. to Certify Class (Doc. 78).  The Court recognizes that, generally, resolution of class certification prior to resolution of summary judgment is the preferred way of proceeding.  However, given the relatively unique procedural aspects of this case, and other cases raising the

IT IS SO ORDERED this 1st day of November 2024.

                                                                                                    _____
                                                                                                    LEE P. RUDOFSKY
                                                                                                    UNITED STATES DISTRICT JUDGE

---

same issues, all parties agreed that the Court should address summary judgment before addressing class certification. *See* Order Lifting Stay (Doc. 129).  In light of today's summary judgment decision, the Motion for Class Certification (Doc. 78) is moot.